[No. AO19339. First Dist., Div. Two. May 10, 1983.]

ROBERT E. SAVITT, Plaintiff and Appellant, v.
WARREN DuBOIS JORDON et al., Defendants and Respondents.

COUNSEL

Rose, Klein & Marias and Jason A. Gottlieb for Plaintiff and Appellant.

George Deukmejian, Attorney General, Nancy S. Wainwright and Tyler B. Pon, Deputy Attorneys General, for Defendants and Respondents.

OPINION

**MILLER,** ▮▮▮▮  In this case we consider the issue of whether the State of California (State) may be held liable for injuries sustained by a visitor to a state correctional institution who was assaulted by a prisoner at that institution.

Plaintiff, a deputy district attorney for the County of Los Angeles, filed a complaint alleging in the first cause of action that on or about November 6, 1980, plaintiff was present at a parole hearing conducted at San Quentin Prison as a representative of Los Angeles County. At that time Warren DuBois Jordon (Jordon), a prisoner at that institution, attacked and repeatedly stabbed plaintiff with a knife. As a result of this attack plaintiff was hospitalized and unable to work for a period of time. In the second cause of action plaintiff alleged that the Department of Corrections, and thus State, had negligently allowed Jordon to come into possession of the knife which was used in the commission of the acts complained of.

State demurred to the second cause of action on the grounds that inter alia public entities are immune from liability by virtue of Government Code section 844.6.[1]

Plaintiff filed an amended complaint to which State again demurred. Thereafter, the trial court sustained without leave to amend State's demurrer and ordered the matter dismissed on the grounds that the immunity contained in section 844.6, subdivision (a)(1) would bar any action against State. This appeal followed.

Section 844.6[2] provides that public entities, but not public employees, are immune from liability for "[a]n injury proximately caused by any prisoner."

---

[1] All statutes will refer to the Government Code unless otherwise indicated.

[2] Section 844.6 in its entirety states as follows:

"(a) Notwithstanding any other provision of this part, except as provided in this section and in Sections 814, 814.2, 845.4, and 845.6, or in Title 2.1 (commencing with Section 3500) of Part 3 of the Penal Code, a public entity is not liable for:

"(1) An injury proximately caused by any prisoner.

"(2) An injury to any prisoner.

Section 844 defines "prisoner" as "an inmate of prison, jail or penal or correctional facility."

Citing *Sava* v. *Fuller* (1967) 249 Cal.App.2d 281 [57 Cal.Rptr. 312], *Morgan* v. *County of Yuba* (1964) 230 Cal.App.2d 938 [41 Cal.Rptr. 508] and *Johnson* v. *State of California* (1968) 69 Cal.2d 782 [73 Cal.Rptr. 240, 447 P.2d 352] plaintiff maintains that state liability exists where, as here, state officials have acted negligently in implementing ministerial acts. However, all the above cited cases were based on section 820.2 which provides that a public employee is not liable for any injury resulting from his act or omission when the act or omission was the result of the exercise of the discretion vested in him as a public official. In contrast, the immunity in section 844.6 applies to public entities rather than public employees (see subd. (d)), and makes no distinction between discretionary and ministerial acts.

Respectable textual authority notes that although the Tort Claims Act itself does not require such immunity, there is nothing in section 844.6 or in case law which allows for concurrent negligence by a public entity when a prisoner causes injury to a nonprisoner. (Van Alstyne, Cal. Government Tort Liability Practice (Cont.Ed.Bar 1980) § 4.16, p. 353.) Thus, it is conceivable that if a homicidal prisoner is negligently permitted to have access to prison visitors and, in fact, murders a visitor, the state would be immune from liability for its negligence.

Although we agree that it is regrettable to grant immunity to a public entity after it has been proved to be grossly negligent, we must conclude that this is the law. Section 844.6, subdivision (a) explicitly provides that with the exception of certain enumerated sections the immunity granted to public entities is absolute with respect to injury proximately caused by a prisoner. Had the Legislature intended a different result it would have so stated.

---

"(b) Nothing in this section affects the liability of a public entity under Article 1 (commencing with Section 17000) of Chapter 1 of Division 9 of the Vehicle Code.

"(c) Except for an injury to a prisoner, nothing in this section prevents recovery from the public entity for an injury resulting from the dangerous condition of public property under Chapter 2 (commencing with Section 830) of this part.

"(d) Nothing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission. The public entity may but is not required to pay any judgment, compromise or settlement, or may but is not required to indemnify any public employee, in any case where the public entity is immune from liability under this section; except that the public entity shall pay, as provided in Article 4 (commencing with Section 825) of Chapter 1 of this part, any judgment based on a claim against a public employee who is lawfully engaged in the practice of one of the healing arts under any law of this state for malpractice arising from an act or omission in the scope of his employment, and shall pay any compromise or settlement of a claim or action, based on such malpractice, to which the public entity has agreed."

The judgment is affirmed.

Rouse, Acting P. J., and Smith, J., concurred.