Byrant ALLEN; Freddie G. Helms; Rodney Glenn King, Plaintiffs,

v.

CITY OF LOS ANGELES, Defendant–Appellee,

v.

Stacey C. KOON, Cross-claimant–Appellant.

Byrant ALLEN; Freddie G. Helms; Rodney Glenn King, Plaintiffs,

v.

CITY OF LOS ANGELES, Defendant–Appellee,

v.

Laurence M. POWELL, Cross-claimant–Appellant.

Nos. 95–55475, 95–55477.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 1996.

Decided Aug. 7, 1996.

Steven J. Freeburg and Holly A. McNulty, Freeburg, Judy, MacChiagodena & Nettels, Pasadena, California, for cross-claimant-appellant.

Katherine J. Hamilton, Assistant City Attorney, City of Los Angeles Office, Los Angeles, California, for defendant-appellee.

Before: FARRIS, FERNANDEZ and THOMAS, Circuit Judges.

THOMAS, Circuit Judge:

Los Angeles police officers Stacey C. Koon ("Koon") and Laurence M. Powell ("Powell") contend that the City of Los Angeles ("City") is obligated to reimburse them approximately $500,000 in legal expenses they incurred defending a civil lawsuit brought by Rodney Glen King ("King"). We disagree and affirm the district court's entry of judgment in favor of the City.

## BACKGROUND

On or about March 3, 1991, King was arrested by Los Angeles police officers, including Koon and Powell. Powell was indicted and convicted for violations of 18 U.S.C. §§ 2 and 242 for depriving King of the Constitutional right to be free from the intentional use of unreasonable force by one making an arrest under color of law. Koon was indicted and convicted for violating 18 U.S.C. § 242 by depriving King of the Constitutional right to be kept free from harm while in official custody.

King also filed a civil rights lawsuit, from which this appeal is taken, against the City, Koon, Powell and other officers under 42 U.S.C. § 1983. Koon and Powell asked the City to defend them in this action, but the City refused under Cal. Gov't Code § 995.2 on the grounds that Koon and Powell acted with actual malice during the incident with King. Both Koon and Powell filed cross-claims against the City, alleging that the City's failure to defend was unwarranted and demanding reimbursement of attorneys' fees and costs pursuant to Cal. Gov't Code § 996.4.

The district court bifurcated the civil lawsuit. In the first phase, the extent of King's injuries was determined, and a verdict was returned in favor of King. In the second phase, the liability of the individual officers was determined, including liability for punitive damages. The jury returned a verdict on special interrogatories. The jury was informed that the criminal trial previously determined that Koon violated the constitutional rights of King by failing to intervene to prevent the use of excessive force against him. The jury was asked whether Koon acted with malice or in reckless disregard of King's rights. The jury responded "Yes." The jury was also asked, "In your discretion do you find punitive damages are appropriate?" The jury answered "No." A verdict in King's favor was also returned against Powell, but no punitive damages were awarded.

The district court then considered the cross-claims of Koon and Powell against the

City. Koon and Powell filed a motion for summary judgment, alleging that they did not act with actual malice and were thus entitled to reimbursement of approximately $500,000 of attorneys' fees and costs pursuant to Cal. Gov't Code § 996.4. In the City's opposition, the City asked the district court to hold that the previous criminal and civil trials conclusively established that Koon and Powell had acted with actual malice under Cal. Gov't Code § 996.4 and were thus not entitled to reimbursement of attorneys' fees and costs. The parties waived jury trial and agreed to rely on the evidence presented at the prior civil trial.

The district court denied Koon and Powell's motion for summary judgment, determined that the criminal verdict conclusively established the existence of actual malice, and ordered judgment for the City as a matter of law on the issue of reimbursement of attorney's fees and costs pursuant to Rule 50, F.R.Civ.P. From this decision, Koon and Powell appeal.

## JURISDICTION

This appeal involves a state law indemnity cross-claim remaining after a verdict on federal claims brought pursuant to 42 U.S.C. § 1983.[1] Thus, although neither party raised a jurisdictional issue, we examine jurisdiction *sua sponte*. In the usual case where all federal claims are resolved, a district court should decline jurisdiction over the remaining state claims. *Reynolds v. County of San Diego*, 84 F.3d 1162, 1171 (9th Cir.1996). We review a district court's decision to retain jurisdiction over pendent claims when the original federal claims are dismissed for abuse of discretion. *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir.1995). A court's exercise of supplemental jurisdiction, including pendent and ancillary jurisdiction, is governed by 28 U.S.C. § 1367. Section 1367(a) provides:

[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental juris-

---

1. There is no federal right to indemnification provided in 42 U.S.C. § 1983. *Banks v. City of*

*Emeryville*, 109 F.R.D. 535, 539 (N.D.Cal.1985).

diction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

However, a district court may decline to exercise supplemental jurisdiction over a claim under subsection 1367(a) if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

■■■■ We find that the district court did not abuse its discretion in exercising jurisdiction over the cross-claims founded in state law. Koon and Powell's entitlement to reimbursement forms a part·of the same case or controversy as King's claims against the City, Koon and Powell. Thus, the district court had jurisdiction under 28 U.S.C. § 1367(a). The district court has discretion in determining whether to decline exercise of such jurisdiction under the factors set forth in Section 1367(c). *Executive Software v. U.S. District Court*, 24 F.3d 1545, 1557 (9th Cir.1994). Once the district court identifies the presence of one of the Section 1367(c) factors, the court should consider whether the exercise of jurisdiction advances "the values of economy, convenience, fairness, and comity." *Id.* (internal quotations omitted).

■■■ Two Section 1367(c) factors are present here. The state law indemnification claims involve a novel issue of California law: the definition of "actual malice" under Cal. Gov't Code § 996.4. In addition, all of the claims over which the district court had original jurisdiction have been resolved. Nonetheless, the values of economy, convenience and fairness are advanced by the district court's retention of jurisdiction over Koon and Powell's state law claims. The parties have already completed two trials. The same judge presided over both the complex criminal and civil trials and is intimately familiar with all of the facts and rulings. Given these circumstances, the district court did not abuse its discretion by retaining jurisdiction over the state law indemnification claims.

## "ACTUAL MALICE" UNDER CALIFORNIA LAW

Under California law, a public entity is required to defend a public employee sued civilly for torts committed while in the course and scope of employment. Cal. Gov't Code § 995. The entity may refuse to represent a public employee if it believes that the act or omission was not within the scope of employment, or the employee acted or failed to act "because of actual fraud, corruption, or actual malice." Cal. Gov't Code § 995.2. If after request a public entity refuses to provide an employee with a defense against a civil action, the employee may seek reimbursement of attorney's fees, costs and expenses if the act was in the scope of employment and the public entity is unable to establish that the employee acted or failed to act due to "actual fraud, corruption or actual malice." Cal. Gov't Code § 996.4.[2] Koon and Powell seek reimbursement under Section 996.4.

**2.** Cal Gov't Code § 996.4 provides in relevant part:

 If after request a public entity fails or refuses to provide an employee or former employee with a defense against a civil action or proceeding brought against him and the employee retains his own counsel to defend the action or proceeding, he is entitled to recover from the public entity such reasonable attorney's fees, costs and expenses as are necessarily incurred

by him in defending the action or proceeding if the action or proceeding arose out of an act or omission in the scope of his employment as an employee of the public entity, but he is not entitled to such reimbursement if the public entity establishes (a) that he acted or failed to act because of actual fraud, corruption or actual malice, or (b) that the action or proceeding is one described in Section 995.4.

■ This case presents a question of first impression under California law: what the words "actual malice" mean under Cal. Gov't Code § 996.4. Koon and Powell contend that to constitute "actual malice," their actions must have been motivated by hatred or rancor. They argue that the record establishes that fear and the instinct for self-protection were the catalysts for their conduct. The City claims that only a "deliberate wrongful intent" is required. The district court agreed with the City's statutory interpretation. The court found that the criminal verdicts were sufficient to show that Koon and Powell were acting with "actual malice" and not entitled to reimbursement.

■ We review the district court's grant of judgment as a matter of law *de novo. The Monotype Corporation v. International Typeface Corporation,* 43 F.3d 443, 455 (9th Cir.1994). Where a state's highest court has not decided a legal issue, we must use our best judgment to predict how that court would decide it. *General Motors Corporation v. Doupnik,* 1 F.3d 862, 865 (9th Cir.1993). In analyzing the question, we may look to the decisions by the intermediate appellate courts of the state for guidance. *Dimidowich v. Bell & Howell,* 803 F.2d 1473, 1482 (9th Cir.1986), *modified on other grounds,* 810 F.2d 1517 (1987). However, we are not bound to follow such decisions. *Doupnik,* 1 F.3d at 865, n. 4.

The California courts have held that, "The term 'actual malice' has different meanings, depending on the context in which it is used." *Golden West Baseball Company v. Talley,* 232 Cal.App.3d 1294, 1304 n. 7, 284 Cal.Rptr. 53 (1991). For example, Cal.Penal Code § 7 provides that "[t]he words 'malice' and 'mali-ciously' import a wish to vex, annoy, or injure another person, or an intent to do a wrongful act, established either by proof or presumption of law." In the context of exemplary damages, "malice" means "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Cal. Civ.Code § 3294(c)(1). "Actual malice" is only defined in California statutes for the purpose of libel law. Cal. Civ.Code § 48a.

There is no statutory definition of "malice" or "actual malice" in the context of governmental indemnity. Similarly, direct legislative history is of no assistance.[3] There are no California intermediate appellate court decisions directly construing the meaning of "actual malice" under Section 996.4. The closest authoritative analysis is provided by Professor Arvo Van Alstyne, California's leading commentator on government tort claims.[4] In his treatise on the subject, Professor Van Alstyne states that to find "actual fraud" or "actual malice" as used in Section 996.4 "requires showing personal animosity, malevolence, ill will, or deliberate wrongful intent on the part of the employee." A. Van Alstyne, *California Government Tort Liability Practice* app. 781 (1980).

Although they stated at oral argument that they did not necessarily disagree with Van Alstyne's definition, Powell and Koon argue that the better definition of actual malice is set forth in *Schonfeld v. City of Vallejo,* 50 Cal.App.3d 401, 123 Cal.Rptr. 669 (1975), *overruled on other grounds, Morehart v. County of Santa Barbara,* 7 Cal.4th 725, 743, 29 Cal.Rptr.2d 804, 872 P.2d 143 (1994). *Schonfeld* interprets Cal. Gov't Code § 822.2,

---

3. The district court referenced legislative history for Section 996.4. However, the cited legislative history is not for Section 996.4, but for a proposed statutory cause of action for malicious prosecution. 5 California L. Rev'n Comm'n Reports 414.

4. Van Alstyne is frequently cited by the California courts and has been referred to as a "respectable textual authority." *Savitt v. Jordon,* 142 Cal. App.3d 820, 822, 191 Cal.Rptr. 290 (1983). Van Alstyne on *Government Liability Practice* has been cited with approval in numerous cases. *See, e.g., Kizer v. County of San Mateo,* 53 Cal.3d 139, 279 Cal.Rptr. 318, 322, 806 P.2d 1353, 1357 (1991); *People v. Tobin,* 219 Cal.App.3d 634, 639, 269 Cal.Rptr. 81 (1990). Van Alstyne was also a consultant to the California Law Review Commission during the drafting of the California Tort Claims Act of 1963. *Kizer,* 279 Cal.Rptr. at 322 n. 5, 806 P.2d at 1357 n. 5. However, Van Alstyne's position is not always accepted by the California courts. *See, e.g., Rivas v. Kerman,* 10 Cal.App.4th 1110, 1121–1122, 13 Cal.Rptr.2d 147 (1992); *Buenavista v. City and County of San Francisco,* 207 Cal.App.3d 1168, 1173–1174, 255 Cal.Rptr. 329 (1989).

which provides that a public employee acting in the scope of his employment is not liable for an injury caused by his negligent or intentional misrepresentation, unless he is guilty of "actual fraud, corruption or actual malice." *Schonfeld* holds that the definition of "actual malice" for purposes of Section 822.2 is "a conscious intent to deceive, vex, annoy or harm the injured party in his business." 50 Cal.App.3d at 410, 123 Cal.Rptr. 669. Powell and Koon argue that the term "in his business" should simply be excluded from the end of the *Schonfeld* definition for purposes of Section 996.4. However, the relevance of *Schonfeld* is very limited: it only involves the tort of misrepresentation and resulting commercial damage. It has only been cited in that context.[5] Because Section 996.4 deals with a much broader spectrum of civil actions than misrepresentation, the transferability of the *Schonfeld* interpretation of Section 822.2 to Section 996.4 is doubtful.

Thus, given the complete absence of meaningful legislative history or case law interpreting the statute, we conclude that the California Supreme Court would most likely employ Van Alstyne's interpretation of Section 996.4. In other words, the City must show "personal animosity, malevolence, ill will, or deliberate wrongful intent on the part of the employee" in order to establish the requisite "actual malice" under Section 996.4. Van Alstyne at 781.

## APPLICATION OF THE STANDARD

 Having decided what the City must prove, we must determine whether the City met its burden. In analyzing whether "actual malice" had been established, the district court relied exclusively on the criminal verdicts.[6] The court properly disregarded the civil verdicts. In answer to a special interrogatory, the civil jury concluded that Koon and Powell acted "with malice *or* in reckless disregard" of King's rights. (emphasis added). The use of the coordinating conjunction "or" in the special interrogatory rendered the civil jury's verdict useless in determining whether the jury found "actual malice."

 However, the criminal verdict does provide a sound basis for finding "actual malice" as a matter of law.[7] The jury found

5. *See, e.g., Golden West*, 232 Cal.App.3d at 1304, 284 Cal.Rptr. 53; *Masters v. San Bernardino County Employees Retirement Association*, 32 Cal. App.4th 30, 42, 37 Cal.Rptr.2d 860 (1995).

6. Koon and Powell contend this was improper. However, all parties stipulated to use the evidence presented in the federal civil proceedings. In those proceedings, the court took judicial notice of (1) the verdict in the criminal action; (2) the contents of the indictment; and (3) the court minutes of the criminal sentencing and judgment.

7. At oral argument Koon and Powell for the first time claimed that the district court improperly applied collateral estoppel based on the criminal verdict without providing the parties an opportunity to argue the issue, citing *State of Nevada Employees Assoc. v. Keating*, 903 F.2d 1223 (9th Cir.), *cert. denied*, 498 U.S. 999, 111 S.Ct. 558, 112 L.Ed.2d 565 (1990). However, the district court provided the parties with its tentative decision and allowed the parties to comment at a hearing held on November 7, 1994. At the hearing, the counsel for defendants specifically argued against the application of collateral estoppel. At the conclusion of the hearing, the district court invited the parties to submit additional briefing if they wished. The ultimate order was issued February 21, 1995. Koon and Powell can hardly claim that the district court deprived them of the opportunity to be heard or that the court's decision was not "subject . . . to the rigors of the adversarial process." *Id.* at 1225. In addition, Rule 201, F.R.Evid. authorizes the court to take judicial notice at any stage of the proceeding, whether requested by a party or not. A party is entitled upon a timely request to an opportunity to be heard as to the propriety of taking judicial notice, and in the absence of prior notification the request may be made after judicial notice has been taken. F.R.Evid. 201(e). Koon and Powell were given sufficient opportunity to object to the propriety of taking judicial notice of the criminal verdict when the district court invited additional briefing as described above. Koon and Powell failed to take advantage of this opportunity. Finally, Koon and Powell further argue that the City did not raise collateral estoppel as an affirmative defense. This argument was not presented to the district court and was raised for the first time in their reply brief. We will not consider an argument made for the first time in a final submission. *Thompson v. Commissioner*, 631 F.2d 642, 649 (9th Cir.1980), *cert. denied* 452 U.S. 961, 101 S.Ct. 3110, 69 L.Ed.2d 972 (1981). In any event, we may consider collateral estoppel *sua sponte* in order to affirm a district court's decision. *U.S. v. Real Property Located in El Dorado*, 59 F.3d 974, 979 n. 3 (9th Cir.1995).

Powell guilty of violating Count I, which charged him with willfully striking King and thereby willfully depriving King of the right to be free from the intentional use of unreasonable force by one making an arrest.[8] The jury found Koon guilty of violating Count II, which charged him with willfully failing to prevent an unlawful assault on King and thereby willfully depriving him of the right to be kept free from harm while in custody.[9]

 "Federal law governs the collateral estoppel effect of a federal case decided by a federal court." *Fireman's Fund Ins. Co. v. International Market Place,* 773 F.2d 1068, 1069 (9th Cir.1985). Collateral estoppel applies where "(1) the issue sought to be litigated is sufficiently similar to the issue present in an earlier proceeding and sufficiently material in both actions to justify invoking the doctrine; (2) the issue was actually litigated in the first case; and (3) the issue was necessarily decided in the first case." *United States v. Weems,* 49 F.3d 528, 532 (9th Cir.1995), citing *United States v. Hernandez,* 572 F.2d 218, 220 (9th Cir.1978).

A civil litigant may be estopped from relitigating an issue that was "directly determined in a previous criminal action." *Bagley v. CMC Real Estate Corp.,* 923 F.2d 758, 762 (9th Cir.1991) (internal quotation omitted); *see also Matthews v. Macanas,* 990 F.2d 467, 468 (9th Cir.1993) (affirming dismissal of *Bivens* action based on preclusive effect of Fourth Amendment ruling in previous criminal action).

In order to reach its verdict, the criminal jury was required under Jury Instruction 10 to find that "the defendant must have acted willfully, that is, with a specific intent to violate the protected constitutional right" and that the "offense must have resulted in bodily injury." The constitutional rights at issue were the "right to be free from the intentional use of unreasonable force by one making an arrest" and the "right to be free from harm while in official custody." The criminal jury was required under Jury Instruction 16 to find that the "defendant intended to accomplish that which the Constitution forbids." [10] Put another way, the jury found

---

8. Count I of the indictment charged that Powell and other officers:

> ... while acting under color of the laws of the State of California, aiding and abetting each other, did willfully strike with batons, kick, and stomp Rodney Glen [sic] King, an inhabitant of the state of California, resulting in bodily injury to Rodney Glen [sic] King, and thereby did willfully deprive Rodney Glen [sic] King of the right preserved and protected by the Constitution of the United States not to be deprived of liberty without due process of law, including the right to be secure in his person and free from the intentional use of unreasonable force by one making an arrest under color of law, all in violation of Title 18, United States Code, Sections 2 and 242.

9. Count II of the indictment charged that Koon:

> ... then a sergeant with the Los Angeles Police Department, while acting under color of the laws of California, did willfully permit other Los Angeles Police Officers in his presence and under his supervision, namely Laurence M. Powell, Timothy E. Wind, and Theodore J. Briseno, unlawfully to strike with batons, kick, and stomp Rodney Glen [sic] King, an inhabitant of the State of California, while Rodney Glen [sic] King was in the custody of those officers, and did willfully fail to prevent this unlawful assault; resulting in bodily injury to Rodney Glen [sic] King, and thereby did willfully deprive Rodney Glen [sic] King of the right preserved and protected by the Constitu-

tion of the United States not to be deprived of liberty without due process of law, including the right to be kept free from harm while in official custody, all in violation of Title 18, United States Code, Section 242.

10. Jury Instruction 16 provided:

> The fourth element the government must prove beyond a reasonable doubt is that each defendant acted willfully. An act is done willfully if it is done voluntarily and intentionally, and with the specific intent to do something the law forbids; that is, with an intent to violate a protected right. The specific intent which a defendant must have possessed to be found guilty here is different for each count.
> In Count One, the required specific intent is the intent to use more force than is reasonable under all of the circumstances.
> In Count Two, the required specific intent is the intent to refrain from protecting a person from an unreasonable use of force while that person is in official custody. With regard to specific intent, you are instructed that intent is a state of mind and can be proven by circumstantial evidence. Indeed, it can rarely be established by any other means. In determining whether this element of specific intent has been proven beyond a reasonable doubt, you may consider all of the evidence in the case.
> The law permits you, but does not require you, to infer that a person ordinarily intends all the natural and probable consequences of

that Powell intentionally used unreasonable force and Koon intended to allow King to be harmed while in custody. The district court did not err in holding that these jury findings were sufficient to constitute the "deliberate wrongful intent" necessary for a determination of "actual malice" under Section 996.4.

■ Further, a Court of Appeals "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo,* 971 F.2d 244, 248 (9th Cir.1992) (internal citations omitted). In this instance, the district court's sentencing opinion adds additional support to the criminal jury findings. In its decision on sentencing in the criminal trial, the district court stated:

> [T]he evidence presented at trial and the verdicts clearly demonstrate that defendant Powell used the side-handle baton, and defendant Koon permitted its use, with the intent to harm Mr. King. Guidelines Section 2A2.2 distinguishes a situation in which a deadly weapon is used "with intent to do bodily harm," from one in which it is used "merely to frighten." ... By itself, Powell's repeated use of the metal side-handle baton to strike Mr. King while King was no longer a threat is evidence that Powell intended to inflict bodily harm on Mr. King. ... Additionally, as defendant Koon testified at trial, he intended Powell to use the baton as an impact weapon to gain pain compliance, and then to "cripple" King and "break [King's] bones." See R.T., 3/ 25/93, at 11 & .... Based on this testimony and the evidence of Powell's conduct, the Court is persuaded that Powell used the baton, and Koon permitted its use, with the intent to harm Mr. King, not merely to frighten him.

Because the relevant conduct attributable to both defendants Koon and Powell constitutes a felonious assault involving a dangerous weapon with intent to do bodily harm, the appropriate underlying offense is aggravated assault.

*United States v. Koon,* 833 F.Supp. 769, 781–782 (C.D.Cal.1993) (citations omitted), *aff'd in part, vac. in part,* 34 F.3d 1416 (9th Cir.1994), *aff'd in part, rev'd in part,* ——— U.S. ———, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) (Nos.94–1664, 94–8842). The district court's findings on these issues were not disturbed by the Ninth Circuit or the Supreme Court on appeal. *Id.*

Thus, both the criminal verdict and the sentencing opinion are a basis for collateral estoppel on the issue of whether Koon and Powell acted with "actual malice" under the statute. The question of whether Koon and Powell acted with "deliberate wrongful intent" is sufficiently similar to the issues in the criminal case; the question of intent was actually litigated in that case; and such question was necessarily decided in the criminal action—both in the criminal verdict and in the sentencing opinion. Accordingly, collateral estoppel can be properly applied to the pivotal factual question in this case.

■ Koon and Powell claim the City must prove they had personal animosity, malevolence or ill will toward King. They argue that the criminal verdict did not determine that issue and collateral estoppel cannot apply. This reasoning confuses motive with intent. The two are not synonymous. *People v. Chapman,* 261 Cal.App.2d 149, 177–178, 67 Cal.Rptr. 601, 619 (1968). Motive is the moving course, the impulse, the desire that induces the defendant to criminal action. *State v. Willis,* 632 S.W.2d 63, 65 (Mo.App. 1982). It is distinguished from intent, which is the purpose to use a particular means to effect a certain result. *State v. Stevens,* 93 Idaho 48, 454 P.2d 945, 950 (1969).

an act knowingly done. In other words, you may infer and find that a defendant intended all the consequences that a person, standing in like circumstances and possessing like knowledge, should have expected to result from his voluntary acts.

It is not necessary for you to find that a defendant was thinking in constitutional terms at the time of the incident. You may find that a defendant acted with the required specific

intent even if you find that he had no real familiarity with the Constitution or with the particular constitutional right involved, provided that you find the defendant intended to accomplish that which the Constitution forbids. The government may meet its burden even if a defendant was motivated by fear, anger, or some other emotion, provided that the intent which I have described to you is present.

The actual motive Koon and Powell may have had is irrelevant to their intent. "Deliberate wrongful intent" is not measured by the defendant's secret motive, whether that be hostility or fear. Rather, in circumstances such as these, "deliberate wrongful intent" must be judged objectively from the visible conduct of the defendant. *See United States v. Guilbert*, 692 F.2d 1340, 1344 (11th Cir.1982) (discussing intent in federal criminal context), *cert. denied*, 460 U.S. 1016, 103 S.Ct. 1260, 75 L.Ed.2d 487 (1983); *Shaffer v. United States*, 308 F.2d 654, 655 (5th Cir. 1962) (same), *cert. denied*, 373 U.S. 939, 83 S.Ct. 1544, 10 L.Ed.2d 694 (1963). Powell was convicted of unlawfully intending to harm King through the use of unreasonable force. Koon was convicted of unlawfully intending to allow King to be harmed while in custody. As a matter of law, these actions were done with "deliberate wrongful intent" and, hence, the requisite "actual malice" under the statute.

Our statutory interpretation and its application in this case is consistent with sound public policy. When law enforcement officers betray the public trust and commit criminal acts with deliberate wrongful intent, the public should not be required to indemnify them.

The judgment of the district court is **AFFIRMED**.