103 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeffrey B. MALTZMAN, Plaintiff,
v.
Larry FRIEDMAN, Defendant-Cross-Defendant-Appellant,
v.
GRIFFIN PRINTING AND LITHOGRAPH COMPANY, INC.,
Defendant-Cross-Claimant-Appellee,
and
Does, 1 through 100, inclusive, Defendants.
 No. 96-55102.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1996.
Decided Nov. 21, 1996.
 
 1
 Before: FERNANDEZ and HAWKINS, Circuit Judges, and SCHWARZER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Griffin Printing & Lithograph Co. ("Griffin") filed a cross-complaint against Larry Friedman ("Friedman") seeking indemnification for costs it incurred in settling and defending a copyright infringement action brought by Jeffrey B. Maltzman ("Maltzman"). Maltzman initially sued Friedman and Griffin, alleging that Friedman's pamphlet, Adventure Jobs, contained material originally written by Maltzman. Both Friedman and Griffin settled with Maltzman; thus the only issue on appeal is Griffin's cross-claim against Friedman. The district court granted summary judgment in favor of Griffin. Friedman appeals and we affirm.
 
 
 4
 At the outset, we address an issue, not raised by either party in the district court or on appeal: the district court's exercise of supplemental jurisdiction over the remaining state law indemnity claim. We review a district court's decision to retain jurisdiction over supplemental claims when the original federal claims are dismissed for abuse of discretion. Allen v. City of Los Angeles, 92 F.3d 842, 845 (9th Cir.1996).
 
 
 5
 Normally, if all federal claims are resolved before trial, a district court should decline jurisdiction over remaining state law claims. Id. But 28 U.S.C. § 1367, which governs a court's exercise of supplemental jurisdiction, provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action ... that they form part of the same case or controversy...." (emphasis added). The statute further states that "district courts may decline to exercise supplemental jurisdiction over a claim" in a number of circumstances, including when the district court has dismissed all claims over which it has original jurisdiction. Id. at § 1367(c)(2).
 
 
 6
 Thus, the doctrine of supplemental jurisdiction is a flexible one, giving a district court the power to exercise supplemental jurisdiction over a claim and the discretion whether to exercise such jurisdiction. Executive Software v. U.S. District Court, 24 F.3d 1545, 1555 (9th Cir.1994). Once a court identifies the presence of one or more of the § 1367(c) factors, however, it should consider whether exercising supplemental jurisdiction would serve the underlying purpose of " 'most sensibly accommodat[ing]' the values of 'economy, convenience, fairness, and comity.' " Id. at 1557 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).
 
 
 7
 Here, the federal law claims--Maltzman's copyright infringement claims against Friedman and Griffin--were eliminated by Maltzman's separate settlements with both defendants. Neither party, however, challenged the district court's retention of jurisdiction over the state law indemnity claims; therefore, we deem the issue to be waived. Even if we were to consider the issue sua sponte, however, the district court's decision to exercise supplemental jurisdiction over Griffin's cross-claim was not an abuse of discretion because it advanced the values of economy, convenience, and fairness. The district court was well informed on the issues, and its decision to promptly resolve them was both efficient and fair to the parties.
 
 
 8
 Regarding the merits of the indemnity claim, we conclude that the district court did not err in granting summary judgment. Griffin satisfied its burden by showing an absence of evidence to support Friedman's position. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Furthermore, Friedman failed to "set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (quoting Fed.R.Civ.P. 56(e)).
 
 
 9
 Pursuant to the written indemnity contract between Friedman and Griffin, Friedman agreed to "indemnify ... [Griffin] from all loss, cost, expense, and damages (including court costs and reasonable attorney fees) on account of ... all manner of claims ... against the printer on grounds alleging that the said printing violates any copyrights or any proprietary right of any person...." In addition, Friedman agreed to defend any action brought against Griffin, provided that Griffin promptly notified Friedman of any such action and gave Friedman reasonable time to undertake a defense. Friedman does not dispute the existence or scope of this contract.
 
 
 10
 Cal.Civ.Code § 2778(5) provides that when an indemnitor does not defend an indemnitee, any recovery against the indemnitee suffered by the latter in good faith is conclusive in his favor against the indemnitor. Peter Culley & Assoc. v. Superior Court, 13 Cal.Rptr.2d 624, 626 (Cal.Ct.App.1992). If the recovery against the indemnitee is in the form of a settlement, however, the indemnitee must show that "the liability is covered by the contract, that liability existed, and the extent thereof." Id. at 632. The settlement is considered presumptive evidence of the existence and amount of the indemnitee's liability, but the presumption can be overcome by proof from the indemnitor that the settlement was unreasonable in amount, was entered collusively or in bad faith, or was entered by an indemnitee not reasonable in the belief that he or she had an interest to protect. Id. at 632-33.
 
 
 11
 Here, Griffin notified Friedman of the action against him and demanded indemnification. In response, Friedman sent Griffin a letter stating that he could not afford to defend himself, admitting that he had copied Maltzman's book, and declaring Griffin innocent of any wrongdoing. Under the circumstances, it was not error for the district court to find that the costs associated with Griffin's defense were incurred in good faith and in the exercise of reasonable discretion. See Buchalter v. Levin, 60 Cal.Rptr. 369, 371 (Cal.Ct.App.1967).
 
 
 12
 In addition, the terms of the indemnity contract between Griffin and Friedman are plain and unambiguous, see, e.g., Traveler's Ins. Co. v. Nat'l Union Fire Ins. Co., 255 Cal.Rptr. 727, 731 (Cal.Ct.App.1989), and clearly cover Griffin's liability. Friedman produced no evidence to rebut the presumption that the settlement represented the existence and amount of Griffin's liability. Nor did Friedman offer any evidence to counter the district court's interpretation of the contract or the reasonableness of Griffin's settlement with Maltzman.
 
 
 13
 By contrast, Griffin's attorney produced evidence of the settlement amount ($10,000), costs, and attorney's fees incurred in defending the suit by Maltzman. Therefore, the district court correctly found that no genuine issue of material fact existed and properly granted attorney's fees to Griffin, bringing the total judgment against Friedman to $31,437.51. See McGrath v. County of Nevada, 67 F.3d 248, 252 (9th Cir.1995) (stating that district court should take into account factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir.1975), cert. denied, 425 U.S. 951 (1976), to determine reasonable fee).
 
 
 14
 Griffin's request for costs and fees on appeal under DeWitt v. Western Pacific R.R., 719 F.2d 1448, 1452-53 (9th Cir.1983), which was raised for the first time at oral argument, is denied.
 
 
 15
 AFFIRMED.
 
 
 
 *
 Honorable William W. Schwarzer, Senior U.S. District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3