111 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank McGRAW, Plaintiff-Appellant,
v.
COUNTY OF RIVERSIDE; Mischelle Zimmerman, individually and
in her official capacity, Defendants-Appellees.
 No. 95-56132.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1996.*
Decided April 18, 1997.
 
 Before: HALL, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank McGraw appeals the district court's sua sponte entry of summary judgment in favor of the County of Riverside and Mischelle Zimmerman, the Director of the County's General Services Agency, in McGraw's 42 U.S.C. § 1983 claim. McGraw alleged that the County and Zimmerman violated his civil rights by firing him from his position as Director of Purchasing and Material Services and failing to provide him adequate process to clear his name of charges of criminal and other improper conduct. McGraw also alleged various supplemental state law claims. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 3
 We agree with the district court that because McGraw knew of an available county grievance process but chose not to pursue it, he cannot now claim a deprivation of due process. We also agree that California's qualified immunity bars McGraw's supplemental state law claims. Accordingly, we affirm the entry of summary judgment in favor of defendants on all claims.
 
 I. McGraw's Section 1983 Claim
 
 4
 McGraw claims that Zimmerman and the County falsely accused him of criminal and other improper conduct and fired him on the basis of these accusations, even though the County district attorney's office found no probable cause to support the criminal charges. We recognize
 
 
 5
 that a liberty interest is implicated in the employment termination context if the charge impairs a reputation for honesty or morality and that procedural protections of due process apply if: (1) the accuracy of the charge is contested; (2) there is some public disclosure of the charge; and (3) the charge is made in connection with termination of employment.
 
 
 6
 Matthews v. Harney County, Or., School Dist. No. 4, 819 F.2d 889, 891-92 (9th Cir.1987). We can assume for purposes of this appeal that the charges against McGraw impair his reputation and trigger the procedural protections of due process. As we hold that McGraw cannot prevail on his claim that the County denied him due process, we need not reach the substance of his defamation allegations.
 
 
 7
 Due process--notice and an opportunity to be heard--for McGraw's purposes, consists of "an opportunity to refute the charge" before County officials. Board of Regents v. Roth, 408 U.S. 564, 573 (1972); see also id. at n. 12 ("The purpose of such notice and hearing is to provide the person an opportunity to clear his name."). The County maintains a three-step procedure for addressing and resolving grievances held by County employees. At his deposition, McGraw acknowledged his awareness and understanding of these procedures. McGraw chose to forego them, instead retaining counsel who pursued McGraw's claims against the County. McGraw's failure to follow the County's grievance procedure has foreclosed his § 1983 claim: "where adequate administrative procedures exist, a person cannot state a claim for denial of procedural rights when he has elected to forego a complete hearing." Correa v. Nampa School Dist. No. 131, 645 F.2d 814, 817 (9th Cir.1981).
 
 
 8
 Moreover, there is no evidence that the County procedures were inadequate. See id. McGraw's argument that "the grievance procedures themselves show that Plaintiff was not entitled to the relief requested" misses the mark. Though McGraw, through a letter his lawyer drafted, angrily "requested" all manner of relief from the County, the only relief to which he was constitutionally entitled was "an opportunity to clear his name." Roth, 408 U.S. at 573 n. 12. The County grievance procedure provides an adequate opportunity to obtain that relief. McGraw's failure to pursue the County-provided process is fatal to his § 1983 claim. The district court's decision to grant summary judgment sua sponte to defendants on McGraw's § 1983 claim is AFFIRMED.
 
 II. McGraw's State Law Claims
 
 9
 McGraw also has asserted supplemental state law claims. The district court correctly rejected these claims as lacking merit. McGraw has not made a showing sufficient to overcome the qualified privilege that California law confers on the communications at issue in this case. See Cal.Civ.Code § 47(c). Zimmerman limited her disclosures of McGraw's alleged misconduct to fellow employees with a "common interest." See Deaile v. General Tel. Co., 40 Cal.App.3d 841, 846, 115 Cal.Rptr. 582, 585 (Ct.App.1974) (allegedly defamatory communications to fellow employees were protected by § 47 privilege).[1] California's qualified privilege for communications to "interested" persons bars McGraw's state law claims.
 
 
 10
 McGraw's attempts to overcome the § 47 privilege with a showing that Zimmerman acted with malice fall short of the proof necessary to survive summary judgment. McGraw, on the record before this court, simply cannot show that Zimmerman's disclosure of McGraw's alleged misconduct was "motivated by hatred or ill will." Dorn v. Mendelzon, 196 Cal.App.3d 933, 945, 242 Cal.Rptr. 259, 265 (Ct.App.1987). Nor can McGraw establish that Zimmerman "lacked reasonable grounds for belief in the truth of the publication." Id. That the District Attorney's office chose not to pursue criminal charges neither demonstrates that the charges were false nor indicates that Zimmerman knew them to be false.
 
 
 11
 Finally, we note that the harm McGraw alleges appears to be largely self-inflicted. Under the California Tort Claims Act, the County Board of Supervisors had to treat his demand letter as a claim against the County. As such it was a public document and available to all. Counsel could have avoided any widespread dissemination by carefully drafting his demand letter in a way that avoided recitation of the specifics of the allegations against McGraw.
 
 
 12
 The decision of the district court granting defendants summary judgment on McGraw's state law claims is AFFIRMED. In light of the foregoing, Appellants' motion to strike is denied as moot.
 
 HAWKINS, Circuit Judge, dissenting in part:
 
 13
 I respectfully dissent from Part II of the majority Memorandum disposition.
 
 
 14
 With respect to McGraw's state law claims, I would follow the teaching of Allen v. City of Los Angeles, 92 F.3d 842 (9th Cir.1996), that "[i]n the usual case where all federal claims are resolved, a district court should decline jurisdiction over the remaining state claims." Id. at 845. My reading of Allen suggests to me that this is precisely the kind of case that presents state law claims over which a district court had no jurisdiction once it disposed--before trial and sua sponte--of the federal claims upon which jurisdiction rested.
 
 
 15
 In Allen, we indicated that retention of jurisdiction over state law claims was a matter of discretion for the district court. See id. at 845. Our case law makes clear that the proper exercise of this discretion, where federal claims are eliminated before trial, is to dismiss state law claims without prejudice. See, e.g., Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir.1996). Circumstances may occasionally warrant the exercise of jurisdiction over supplemental claims, as was the case in Allen, where the district court sat through two trials on federal claims; in Brady v. Brown, 51 F.3d 810 (9th Cir.1995), where the district court already had held a bench trial; and, in Schneider v. TRW, Inc., 938 F.2d 986 (9th Cir.1991), in which the plaintiff had filed four amended complaints and had received several continuances before the district court granted summary judgment to defendants. Such circumstances are absent from the instant case, which moved reasonably quickly through the district court and ended when the district court, ruling on McGraw's motion for partial summary judgment, sua sponte entered summary judgment against McGraw on all claims.
 
 
 16
 This case appears to be the "usual case" described in Allen for which "a district court should decline jurisdiction over the remaining state claims." 92 F.3d at 842. McGraw's supplemental claims involve questions of state tort law and questions of immunity and qualified immunity under state law. Although the majority may be correct about the merits of the supplemental claims, I understand the law of this court to require that a state court make that determination.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 McGraw apparently has chosen not to pursue a claim that he was injured by Zimmerman's communications with the District Attorney's office, a claim clearly privileged under California law. See Cal.Civ.Code § 47(b); Forro Precision, Inc. v. IBM, 745 F.2d 1283, 1285 (9th Cir.1984) (communications with authorities are privileged), cert. denied, 471 U.S. 1130 (1985)