116 F.3d 1485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry Ramone BANKS, Plaintiff-Appellant,
v.
Debra DEXTER; Mark Bourland; Michael Corbin; Michael
Freitas; Sandy Roe; Margaret Conrad, Defendants-Appellees.
 No. 96-55713.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
June 19, 1997.
 
 Appeal from the United States District Court for the Southern District of California, D.C. No. CV-95-00481-JSR; John S. Rhoades, District Judge, Presiding.
 Before GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner Larry Ramone Banks appeals pro se the district court's order dismissing, without prejudice, Banks's pendent state law claims after the court granted summary judgment for defendants in Banks' § 42 U.S.C. § 1983 action.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Banks contends that the district court erred by declining to exercise supplemental jurisdiction over his pendent state law claims.[2] This contention lacks merit.
 
 
 4
 We review for abuse of discretion a district court's decision whether to consider pendent state law claims pursuant to 28 U.S.C. § 1367. See Allen v. City of Los Angeles, 92 F.3d 842, 845 (9th Cir.1996).
 
 
 5
 Here, the balance of relevant factors supported the district court's decision not to address the remaining state law claims after the court granted summary judgment for defendants on Banks's federal claims. See Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir.1994); see also Wren v. Sletten Constr. Co., 654 F.2d 529, 536 (9th Cir.1981) ("When the state issues apparently predominate and all federal claims are dismissed before trial, the proper exercise of discretion requires dismissal of the state claim[s].") (per curiam). Moreover, Banks did not argue that unusual circumstances warranted a decision by the district court to address his pendent state law claims. See Gini, 40 F.3d at 1046; cf. Allen, 92 F.3d at 846. Accordingly, we conclude that the district court did not abuse its discretion by dismissing Banks's state law claims without prejudice. See Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir.1996); 40 F.3d at 1046.
 
 AFFIRMED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his § 1983 action, Banks alleged that defendants violated his due process, Eighth Amendment, and state law rights by failing to provide him with adequate notice and time to prepare for a documentation hearing before the Board of Prison Terms. Because Banks does not contest the district court's summary judgment for defendants, we conclude that Banks has waived his right to object to these rulings. See Reynolds v. County of San Diego, 84 F.3d 1162, 1166 (9th Cir.1996); see also Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988)
 
 
 [2]
 Banks alleged that defendants violated Cal.Code Regs. tit. 15, § 2410 (1993) and Cal.Code Regs. tit. 15, § 2269.1 (1990) by failing to hold "a timely, full, fair, and impartial [documentation] hearing before the BPT."
 
 
 [3]
 To the extent that Banks contends that defendants violated his constitutional rights by allegedly (1) interfering with an administrative appeal; and (2) withholding good-time credits, we do not address these contentions because Banks did not present these issues to the district court. See United States v. Cupa-Guillen, 34 F.3d 860, 863 (9th Cir.1994)