**Peter D. BOGART, aka Ojavan Investors, Inc., Plaintiff— Appellant,**

**and**

**Port Lemore Corp.; et al., Plaintiffs,**

**v.**

**William M. DALEY, Individually and as the Secretary of Commerce; et al., Defendants—Appellees.**

No. 01–35754.

D.C. No. CV–00–00101–BR.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 11, 2002.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM **

Peter D. Bogart appeals pro se from the district court's judgment dismissing with prejudice his action alleging, among other things, that the California Coastal Commission and various federal and state officials and agencies violated his civil rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both the dismissals for lack of personal jurisdiction, *Terracom v. Valley Nat'l Bank,* 49 F.3d 555, 559 (9th Cir.1995), and the dismissals on res judicata grounds, *W. Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir.1997). We affirm.

The district court properly dismissed the action as to the Honorable David A. Workman, a California state judge, and his clerk Joseph F. Fabrizio, for lack of personal jurisdiction, because Bogart did not establish that either had any contacts with the State of Oregon. *See Terracom,* 49 F.3d at 559–62.

The district court properly dismissed the action as to the remaining defendants because Bogart had a full and fair opportunity to litigate his claims in prior California state court proceedings and adversary proceedings filed in bankruptcy court. *See Monterey Plaza Hotel Ltd. v. Local 483 of the Hotel Employees & Restaurant Employees Union, AFL–CIO,* 215 F.3d 923, 928 (9th Cir.2000) (California law of res judicata); *First Pac. Bancorp, Inc. v. Helfer,* 224 F.3d 1117, 1128–29 (9th Cir.2000) (federal law of res judicata).

Because Bogart was able to object to the defendants' motions for judicial notice in his briefs to the district court, he was not

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Bogart's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

entitled under Fed.R.Evid. 201(e) to argue against the motions orally. *See Allen v. City of Los Angeles,* 92 F.3d 842, 849 n. 7 (9th Cir.1996), *overruled on other grounds by Acri v. Varian Assocs., Inc.,* 114 F.3d 999 (9th Cir.1997).

The district court did not abuse its discretion in staying discovery pending the disposition of the defendants' motions to dismiss. *See Alaska Cargo Transport, Inc. v. Alaska R.R. Corp.,* 5 F.3d 378, 383 (9th Cir.1993).

Bogart's remaining contentions are similarly unpersuasive.

We deny all pending motions.

**AFFIRMED.**

We deny all pending motions.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.