**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANA A. SMITH, | No.    23-35476 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00712-AA |
| v. | |
| JILL LIMERICK, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| JAMES SANSONE, | |
| Defendant-Appellee, | |
| and | |
| BARBARA WILT, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted August 23, 2024[**]
Portland, Oregon

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  WALLACH,[***] CHRISTEN, and HURWITZ, Circuit Judges.

Jana Smith appeals the dismissal of her action alleging state-law claims against Jill Limerick, Barbara Wilt, and James Sansone (Defendants).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

1.     The district court did not abuse its discretion by taking judicial notice of public records of other court proceedings.  *See United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994) ("We review the district court's decision to take judicial notice under Fed. R. Evid. 201 for abuse of discretion.").  First, the district court was not required to hold a hearing before taking judicial notice.  Although Rule 201(e) entitles parties "to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed," it does not require an oral hearing.  *See Allen v. City of Los Angeles*, 92 F.3d 842, 848 n.7 (9th Cir. 1996) (holding that appellants "were given sufficient opportunity to object to the propriety of taking

---

[***]     The Honorable Evan J. Wallach, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

[1] We deny Smith's motion to vacate the order rescinding oral argument and stay proceedings as moot.  (Dkt. 51).  We grant in part and deny in part Smith's motion for leave to supplement the record and to submit a corrected reply brief.  (Dkt. 52).  We grant Smith's request to submit the corrected reply brief, but the declarations Smith submitted are not part of the district court record, and her motion for leave to supplement the record is thus denied.  *See Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003) ("Save in unusual circumstances, we consider only the district court record on appeal.").

judicial notice of the criminal verdict when the district court invited additional briefing"), *overruled on other grounds by Acri v. Varian Assocs., Inc.*, 114 F.3d 999 (9th Cir. 1997); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). Second, the district court did not take judicial notice of disputed facts. *See* Fed. R. Evid 201(b) (authorizing a court to "judicially notice a fact that is not subject to reasonable dispute"). The court relied on the records of the other court proceedings only to notice that certain claims had been litigated previously and that those cases had resulted in judgments against Smith. Third, the district court properly identified the specific facts that were judicially noticed. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("A court must . . . identify . . . which fact or facts it is noticing . . . .").

2.      The district court did not abuse its discretion in applying Federal Rule of Evidence 403 to Defendants' requests for judicial notice. *See United States v. Jimenez-Chaidez*, 96 F.4th 1257, 1264 (9th Cir. 2024) ("We review the district court's admission of evidence under Rule 403 for an abuse of discretion." (quoting *United States v. Cox*, 963 F.3d 915, 925 (9th Cir. 2020))). The district court reasonably concluded that the probative value of the evidence was not "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

3

cumulative evidence." Fed. R. Evid. 403.

3.      The district court did not abuse its discretion by denying Smith's recusal motion under 28 U.S.C. § 144. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("Denial of a motion for recusal is reviewed for an abuse of discretion."). Smith made no showing that "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned," *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1219 (9th Cir. 2014) (citation omitted), and the district court's rulings did not "rest[] upon knowledge that the [court] ought not to [have] possess[ed]," *Liteky v. United States*, 510 U.S. 540, 550 (1994). Nor was Judge Clarke required to refer the recusal motion to another judge. *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) ("Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case." (quoting 28 U.S.C. § 144)).

4.      Smith's contention that the district court was required to convert Defendants' motions to dismiss into summary judgment motions rests on the flawed premise that judicial notice was improper. Because notice was proper, conversion was not required. *See Khoja*, 899 F.3d at 998 (holding that judicial notice "permit[s] district courts to consider materials outside a complaint" without converting a motion to dismiss into a motion for summary judgment).

4

5. Smith's contention that "Sansone's purported original decisions from a superior court" were not properly authenticated fails because Sansone properly authenticated the records in his affidavit. *See* Fed. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").

6. The district court did not abuse its discretion by applying the law of the case doctrine. *See Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1041 n.1 (9th Cir. 2018) ("We ordinarily review a district court's application of the law of the case doctrine for abuse of discretion."). As Smith points out, "[a] court may have discretion to depart from the law of the case if . . . 'the first decision was clearly erroneous.'" *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998) (first alteration in original) (quoting *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)). But Smith has not shown clear error. *See* 61A Am. Jur. 2d *Pleading* § 349 (2024) ("Although the Federal Rules of Civil Procedure forbid successive motions [to dismiss], the court may allow the original motion to be amended before it is ruled upon . . . as long as the motion to amend is made in good faith and the opposing party will not be prejudiced." (footnotes omitted)).

7. The district court did not abuse its discretion by dismissing the case with prejudice under Federal Rule of Civil Procedure 41(b). *See Applied*

*Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) ("[W]e review the district court's dismissal of a complaint pursuant to Rule 41(b) for abuse of discretion." (citation omitted)).  First, dismissal under Rule 41(b) is appropriate not only for a failure to prosecute but also, as here, for a failure "to comply with . . . a court order."  Fed. R. Civ. P. 41(b); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (as amended).  Second, given the district court's warnings and Smith's repeated failure to file an amended complaint conforming to the district court's orders, the district court did not abuse its discretion by concluding that dismissal with prejudice was warranted.  *See Applied Underwriters*, 913 F.3d at 890 (describing the "five factors that must be considered before dismissing a case pursuant to Rule 41(b)").

8.     Smith's contention that we should vacate the judgment because the district court's errors, considered cumulatively, denied her due process fails because Smith has not shown a single error, let alone a series of errors.

9.     The remaining issues identified by Smith—that the district court erred by granting Limerick's third motion to dismiss, by denying her leave to file a third amended complaint, and by denying unspecified motions for reconsideration—are forfeited because we "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief."  *Clark v. Time Warner Cable*, 523 F.3d 1110, 1116 (9th Cir. 2008) (quoting *Kim v. Kang*, 154

6

F.3d 996, 1000 (9th Cir. 1998)); *see Moran v. Screening Pros, LLC*, 25 F.4th 722, 728 n.6 (9th Cir. 2022) (holding that the plaintiff forfeited a challenge to a summary judgment on his statutory claim where the opening brief referred to the claim "as among the issues on appeal" but did not refer to the claim "in the summary of his argument or advance a specific and distinct argument" regarding the claim in the argument section of his brief).

**AFFIRMED.**