[No. D054699. Fourth Dist., Div. One. Mar. 23, 2010.]

WILLIAM C. ARTERBERRY, Plaintiff and Appellant, v.
COUNTY OF SAN DIEGO et al., Defendants and Respondents.

**1530**

## COUNSEL

Strumwasser & Woocher, Michael J. Strumwasser, Bryce A. Gee and Aparna Sridhar for Plaintiff and Appellant.

John J. Sansone, County Counsel, and Thomas D. Bunton, Deputy County Counsel, for Defendants and Respondents.

## OPINION

**McCONNELL, P. J.**—Civil Code[1] section 714 prohibits a public entity from willfully delaying the approval of an application to install or use a solar energy system. (§ 714, subd. (e)(1).) William C. Arterberry, doing business as Farm ACW, appeals an order denying him attorney fees under subdivision (g) of section 714 in his action against the County of San Diego, the County of San Diego Department of Planning and Land Use, and Jeff Murphy (collectively the County), for damages caused by the County's delay in issuing a certificate of occupancy for the farm's solar energy system. Arterberry contends the trial court erred by finding subdivision (f) of section 714 immunizes a public entity from a private right of action for damages, and thus he cannot be the prevailing party under section 714 for purposes of an attorney fees award. The plain language of section 714, subdivision (f) shows there is no private right of action against a public entity, and thus we affirm the order.

### FACTUAL AND PROCEDURAL BACKGROUND

Arterberry owns Farm ACW, a large avocado farm located in Fallbrook, California. In 2006 the farm constructed a one-megawatt photovoltaic energy system to create electricity directly from sunlight. The system is intended to meet the majority of the farm's needs and to allow the farm to sell excess power to the utility company, adding to the state's energy supply during peak hours of demand.

---

[1] Further statutory references are to the Civil Code unless otherwise specified.

It is undisputed that the County refused to conduct a final inspection or issue a certificate of occupancy for the solar energy system on the ground Farm ACW had not resolved outstanding code violations unrelated to the system. The County relied on section 51.0103.4 of San Diego County Code of Regulatory Ordinances, which provides that the "Building Official may suspend or refuse to issue any building permit . . . if the Building Official determines that there is a violation of this Ordinance or any other ordinance or regulation . . . ." (San Diego County Ord. No. 9040 (new series); San Diego County Code, § 51.0103.4.)

On April 6, 2007, Arterberry filed a verified petition for writ of mandate and complaint for injunctive relief against the County. Arterberry alleged the County, through the San Diego Regional Energy Office, offered significant rebates to private parties that install photovoltaic systems, and the "$7.8 million system planned by Farm ACW qualifies the farm for a rebate . . . of approximately $3.5 million"; to receive the rebate the system "must be permitted for connection to the local utility grid"; the County had a ministerial duty to inspect and permit the system, and Farm ACW repeatedly asked it to do so; but, the County refused to send an inspector or issue a final permit "until Farm ACW remedies alleged code violations at *other buildings* on [its] property." (Original italics.) The petition alleged that because the County had not performed its duty, the farm was unable to obtain a rebate or a permit, and was "incurring thousands of dollars per day in losses due to carrying costs and inflated utility bills."

Arterberry's theory was that several statutory provisions supersede San Diego County Ordinance No. 9040 (San Diego County Code, § 51.0103.4). The petition cited Government Code section 65850.5, subdivision (a), which provides, "It is the policy of the state to promote and encourage the use of solar energy systems and to limit obstacles to their use." The petition also cited subdivision (b) of Government Code section 65850.5, which pertains to the administrative approval of applications for solar energy systems, and subdivision (e) of the statute, which provides that "[a]ny conditions imposed on an application to install a solar energy system shall be designed to mitigate the specific, adverse impact upon the public health and safety at the lowest cost possible."

Further, the petition cited Health and Safety Code section 17959.1, subdivision (a), which requires a city or county to "administratively approve applications to install solar energy systems th[r]ough the issuance of a building permit or similar nondiscretionary permit." Subdivision (b) of the statute prohibits a city or county from denying "an application for a use permit to install a solar energy system unless it makes written findings based upon substantial evidence in the record that the proposed installation would have a specific, adverse impact upon the public health or safety."

Additionally, the petition cited section 714, former subdivision (e) (now subd. (e)(1); see Historical and Statutory Notes, 6A West's Ann. Civ. Code (2010 supp.) foll. § 714, p. 48), which provides: "Whenever approval is required for the installation or use of a solar energy system, the application for approval shall be processed and approved by the appropriate approving entity in the same manner as an application for approval of an architectural modification to the property, and shall not be willfully avoided or delayed."

The first cause of action prayed for a writ of mandate commanding the County to inspect the solar energy system and approve the system if it met required criteria. The second cause of action prayed for an injunction enjoining the County from "taking any retaliatory action against [Arterberry] for the bringing of this action." Further, Arterberry sought a damages award on both causes of action, and attorney fees under section 714, subdivision (g).

On April 17, 2007, the court scheduled a hearing for May 11 on Arterberry's request for an order requiring the County to inspect and approve the solar energy system. On or about April 26, however, the County inspected and approved the solar energy system. Arterberry asked the court to take the hearing off calendar because the County had performed as requested.

The County then demurred to the petition, arguing it and its employees are immune from liability for damages, and injunctive relief is unavailable because Arterberry did not allege any facts suggesting any retaliation. On June 6, 2007, Arterberry filed a first amended petition for writ of mandate and complaint for injunctive relief, which added a separate cause of action for damages under Government Code section 815.6, which contains no attorney fees provision.

The County demurred to the amended pleading on the same grounds it raised in its original demurrer. As to Arterberry's damages claim, the court overruled the demurrer on the ground he "has pled sufficient facts to overcome the immunities asserted by Defendants for purposes of the pleadings stage of the case." The court sustained the demurrer as to the claim for injunctive relief.

In September 2008, after conducting discovery, the parties entered into a stipulated settlement agreement. The County agreed to pay Arterberry $125,000 for damages he incurred as a result of its alleged delay in issuing a certificate of occupancy for the solar energy system, and for attorney fees he incurred to obtain the certificate. The agreement states Arterberry retained his right to seek attorney fees and costs "incurred in an effort to obtain damages." The court entered an order dismissing the action with prejudice, but retaining jurisdiction to hear Arterberry's motion for attorney fees.

Arterberry moved under section 714, subdivision (g), for an order entitling him to attorney fees as the prevailing party under section 714 on his claim for damages. The court denied the motion on the ground subdivision (f) of section 714 precludes a private right of action for damages against a public entity, and thus attorney fees under subdivision (g) of section 714 are unavailable.

## DISCUSSION

### I

Section 714, subdivision (e)(1) provides: "Whenever approval is required for the installation or use of a solar energy system, the application for approval shall be processed and approved by the appropriate approving entity in the same manner as an application for approval of an architectural modification to the property, and shall not be willfully avoided or delayed."

■ Subdivision (f) of section 714 provides: "Any entity, *other than a public entity*, that willfully violates this section shall be liable to the applicant or other party for actual damages occasioned thereby, and shall pay a civil penalty to the applicant or other party in an amount not to exceed one thousand dollars ($1,000)." (Italics added.) Under subdivision (g) of section 714, the "prevailing party" in any action "to enforce compliance with this section" shall be awarded reasonable attorney fees.

■ Arterberry contends the court misinterpreted section 714, subdivision (f). The interpretation of a statute presents an issue of law we review independently. " 'To determine legislative intent, a court begins with the words of the statute, because they generally provide the most reliable indicator of legislative intent.' [Citation.] If it is clear and unambiguous our inquiry ends. There is no need for judicial construction and a court may not indulge in it. [Citation.] 'If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs.' " (*Diamond Multimedia Systems, Inc. v. Superior Court* (1999) 19 Cal.4th 1036, 1047 [80 Cal.Rptr.2d 828, 968 P.2d 539].)

### II

### A

■ Arterberry asserts section 714, subdivision (f) "does *not* state that a public entity cannot be liable for actual damages and civil penalties for violating Civil Code section 714," and "it is clear that the provision merely provides a private right of action for parties aggrieved by the actions of

non-public entities and simply does not speak to the liability of public entities." (Original italics.) To the contrary, section 714, subdivision (f) unambiguously speaks to the liability of public entities: it immunizes them from liability for damages or a civil penalty for the violation of section 714. To find section 714, subdivision (f) inapplicable to a damages action against a public entity, we would have to ignore the phrase "other than a public entity."

We must, however, give significance to every word of a statute, when possible, and avoid a construction that renders a word surplusage. (*Home Depot, U.S.A., Inc. v. Contractors' State License Bd.* (1996) 41 Cal.App.4th 1592, 1602 [49 Cal.Rptr.2d 302].)

### B

Further, Arterberry asserts it is absurd to interpret section 714, subdivision (f) as prohibiting a damages action against a public entity, because that would result in a public entity's nonliability under section 714 for its *willful* conduct, but liability under section 714 for its *negligent* conduct. Arterberry asks, "What purpose could the Legislature have been pursuing by requiring a public agency to compensate a party it *accidentally* injured but not a party it *willfully* harmed?" Section 714, however, does not provide a right of action against either public or private entities for mere unintentional conduct or negligence. Subdivision (e)(1) of section 714 prohibits any party from "willfully" avoiding or delaying an approval for a solar energy system. Consistently, subdivision (f) of section 714 precludes a damages action against a public agency for its willful conduct.

### C

Arterberry also submits that since section 714, subdivision (g) applies to "*any* action to enforce compliance with this section" (italics added), an "action seeking damages . . . from the County for its failure to abide by section 714's requirements is clearly an action to 'enforce compliance' with the section." Since Arterberry had no cognizable damages claim under section 714, however, the County's voluntary payment of damages does not indicate Arterberry's damages claim resulted in the enforcement of section 714. The record does not suggest the County relied on section 714 in voluntarily paying Arterberry damages, and it had no reason for doing so since damages are unavailable under that statute. Again, Arterberry's petition alleged the County's delay in issuing a certificate of occupancy violated several statutes. For instance, it alleged, "Health and Safety Code section 17959.1 . . . imposes a clear, present, and ministerial duty on [the County]." That statute requires a city or county to "administratively approve applications to install solar energy systems th[r]ough the issuance of a building permit or similar nondiscretionary permit." (Health & Saf. Code, § 17959.1, subd. (a).)

## D

Similarly, we reject Arterberry's claim he is entitled to attorney fees because he effectively obtained injunctive relief under section 714, since his lawsuit prompted the County to inspect and approve the solar energy system, and "all of the claims in [his] writ petition and complaint were related. They arose out of a unitary set of facts—the facts surrounding the County's failure to issue a certificate of occupancy for the solar facility." Arterberry cites *Drouin v. Fleetwood Enterprises* (1985) 163 Cal.App.3d 486, 493 [209 Cal.Rptr. 623], for the proposition that "[a]ttorney fees need not be apportioned between distinct causes of action where plaintiff's various claims involve a common core of facts or are based on related legal theories." The stipulated settlement agreement, however, shows the parties did actually apportion the fees attributable to enforcing the County's duty to inspect and approve the solar energy system.

## E

Alternatively, Arterberry argues that even if damages are unavailable against a public entity under section 714, he could obtain damages from the County under Government Code section 815.6 based on a violation of Civil Code section 714, and then obtain attorney fees under subdivision (g) of section 714. He asserts that "parties routinely prevail under one statute and recover attorneys' fees under another," citing Code of Civil Procedure section 1021.5, the so-called "private attorney general" statute. (*Consumer Privacy Cases* (2009) 175 Cal.App.4th 545, 551 [96 Cal.Rptr.3d 127].)

Government Code section 815.6, a provision of the Government Claims Act (Gov. Code, § 810 et seq.), provides: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." (*Id.*, § 815.6.) Arterberry asserts that "[i]f the Legislature had intended to restrict Government Code section 815.6 and limit a party's ability to sue for damages based on violations of Civil Code section 714, it could have done so in explicit terms. But it did not." Arterberry cites the following language: " '[I]n governmental tort cases "the rule is liability, immunity is the exception" . . . . Unless the Legislature has clearly provided for immunity, the important societal goal of compensating injured parties for damages caused by willful or negligent acts must prevail.' " (*Lopez v. Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 792–793 [221 Cal.Rptr. 840, 710 P.2d 907].)

■ In subdivision (f) of section 714, however, the Legislature *has* explicitly immunized public entities from damages arising from any violation of section 714. The Legislature's intent is clear without any express reference to Government Code section 815.6. Further, "[i]t is a general rule of statutory interpretation that, in the event of statutory conflict, a specific provision will control over a general provision. [Citations.] ' "The referent of 'general' and 'specific' is subject matter." ' " (*Arbuckle-College City Fire Protection Dist. v. County of Colusa* (2003) 105 Cal.App.4th 1155, 1166 [130 Cal.Rptr.2d 182].) Section 714 pertains to the specific subject matter of solar energy systems, whereas Government Code section 815.6 refers generally to a public entity's mandatory duties. To permit liability for damages for the violation of Civil Code section 714 under the general command of Government Code section 815.6 would frustrate the Legislature's express intent. (See *Department of Corrections v. Superior Court* (2007) 153 Cal.App.4th 916, 934 [63 Cal.Rptr.3d 624].)[2] To any extent the County may have been liable for damages under Government Code section 815.6, the underlying mandatory duty had to arise from an enactment other than Civil Code section 714.

■ Arterberry loses sight of the requirement that to recover attorney fees he incurred in pursuing damages from the County under section 714, he had to be the "prevailing party" on his section 714 claim. (§ 714, subd. (g).) It is elementary that a party cannot prevail under a statute that expressly precludes the action.

## F

Finally, Arterberry submits that not allowing private parties to recover damages and attorney fees under section 714 thwarts the legislative intent of encouraging the private construction of solar energy systems. He states the "Legislature has said, by providing the fee-shifting provisions of section 714, that it is not enough for a solar-project proponent to be able to go to court for an injunction against an obstreperous approving entity, that the proponent must be made whole by recovering the costs of obtaining compliance with the law. . . . Only reversal can vindicate the Legislature's policy and assure the next proponent of a solar project that the statutory assurances can actually be realized." Again, however, we cannot ignore the plain language of section 714, subdivision (f). If the Legislature intended to allow the recovery of damages from public entities for the violation of section 714 it could have easily said so. To the contrary, it expressly said otherwise. Any change in the law must come from the Legislature rather than the courts.

---

[2] Subdivision (h)(1) of section 714 sets forth the consequences for a public entity in violation of section 714. It provides: "A public entity that fails to comply with this section may not receive funds from a state-sponsored grant or loan program for solar energy. A public entity shall certify its compliance with the requirements of this section when applying for funds from a state-sponsored grant or loan program."

For reasons discussed, the court's ruling is correct.

## DISPOSITION

The order is affirmed. The County is entitled to costs on appeal.

Huffman, J., and Aaron, J., concurred.