Filed 1/5/23; Certified for Publication 1/26/23 (order attached)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| JENNIFER BITNER et al., | |
| Plaintiffs and Appellants, | E078038 |
| v. | (Super.Ct.No. CIVDS1605437) |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  David Cohn, Judge.

Affirmed.

Ackermann & Tilajef, Craig J. Ackermann, Avi Kreitenberg; Verum Law Group,

Sam Kim and Yoonis Han for Plaintiffs and Appellants.

1

Rob Bonta, Attorney General, Chris A. Knudsen, Assistant Attorney General, Kenneth C. Jones, Kevin K. Hosn and Anthony William Gomez, Deputy Attorneys General, for Defendant and Respondent.

## I.  INTRODUCTION

Plaintiffs and appellants Jennifer Bitner and Evelina Herrera were employed as licensed vocational nurses by defendant and respondent California Department of Corrections and Rehabilitation (CDCR).  They filed a class action suit against CDCR alleging that (1) while assigned to duties that included one-on-one suicide monitoring, they were subjected to acts of sexual harassment by prison inmates and, (2) CDCR failed to prevent or remedy the situation in violation of the California Fair Employment and Housing Act (FEHA), Government Code[1] section 12940 et seq.  The trial court granted summary judgment in favor of CDCR on the ground that it was entitled to statutory immunity under section 844.6, which generally provides that "a public entity is not liable for . . . [a]n injury proximately caused by any prisoner."  (§ 844.6, subd. (a).)

Plaintiffs appeal, arguing that, as a matter of first impression, we should interpret section 844.6 to include an exception for claims brought pursuant to FEHA.  Plaintiffs also argue that, even if claims under FEHA are not exempt from the immunity granted in section 844.6, the evidence presented on summary judgment did not establish that their injuries were " 'proximately caused' " by prisoners.  We disagree on both of these points and affirm the judgment.

_____

[1] Undesignated statutory references are to the Government Code.

## II. FACTS AND PROCEDURAL HISTORY

According to the first amended complaint, plaintiffs were employed by CDCR as licensed vocational nurses. Their duties included one-on-one suicide watch of inmates housed in CDCR's California Institution for Men (CIM). Plaintiffs contend that they were subjected to sexually harassing conduct by male inmates while working in this role and that CDCR failed to appropriately prevent or correct this behavior. Based upon these allegations, plaintiffs alleged a cause of action for gender-based hostile work environment in violation of section 12940, subdivision (j), and a cause of action for failure to prevent harassment in violation of section 12940, subdivision (k).

In its answer, CDCR asserted statutory immunity pursuant to section 844.6 as an affirmative defense. CDCR moved for summary judgment, asserting this affirmative defense as one ground for granting judgment in its favor. In opposition to the motion, plaintiffs did not dispute that their alleged injuries were caused by the actions of prison inmates at CIM or that their contention against CDCR involved the failure to protect them from the actions of prison inmates. Instead, they argued that the fact that their injuries were caused by prison inmates was not material to summary judgment.

The trial court granted CDCR's motion for summary judgment, explaining in a written ruling that CDCR was entitled to statutory immunity as provided in section 844.6. Judgment was entered in favor of CDCR and plaintiffs appeal.

## III. DISCUSSION

On appeal, plaintiffs argue that there is no California authority that has directly addressed the question of whether the statutory immunity provided in section 844.6

3

extends to claims brought under FEHA and, as a matter of first impression, we should interpret section 844.6 as excluding such claims from its grant of immunity. Alternatively, in their reply brief, plaintiffs also contend that the facts presented on summary judgment were insufficient to trigger the application of section 844.6, even if the statute applies to claims brought under FEHA. For the reasons set forth below, we decline to interpret section 844.6 to include an exception for claims brought under FEHA. We also conclude that (1) plaintiffs have forfeited their argument that the facts presented on summary judgment were insufficient to warrant granting judgment in CDCR's favor, and (2) the argument is without merit, even in the absence of forfeiture.

A. *Statutory Construction of Section 844.6*

We turn first to the issue of statutory interpretation. The primary argument advanced by plaintiffs on appeal is that the judgment should be reversed because, even assuming there are no disputed facts, section 844.6 should be interpreted to include an exemption for claims brought pursuant to FEHA. " 'The proper interpretation of a statute, and its application to undisputed facts, presents a question of law that is . . . subject to de novo review.' " (*General Atomics v. Superior Court* (2021) 64 Cal.App.5th 987, 993; *Twedt v. Franklin* (2003) 109 Cal.App.4th 413, 417 ["Issues of statutory construction and the application of that construction to a set of undisputed facts are issues of law subject to independent review on appeal."].) As we explain, our independent consideration of the issue leads us to conclude that section 844.6 cannot be interpreted in the manner urged by plaintiffs.

4

1.  <u>Under a Plain Reading of the Statute, Section 844.6 Does Not Include an</u>
<u>Exemption for FEHA Claims</u>

" ' "As in any case involving statutory interpretation, our fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. . . . We begin by examining the statute's words, giving them a plain and commonsense meaning. [Citation.]" [Citation.] " 'When the language of a statute is clear, we need go no further.' [Citation.] But where a statute's terms are unclear or ambiguous, we may 'look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.' " ' " (*People v. Scott* (2014) 58 Cal.4th 1415, 1421; see *Redondo Beach Waterfront*, *LLC v. City of Redondo Beach* (2020) 51 Cal.App.5th 982, 993-994.)

In our view, the plain meaning of the statute's words is clear and unambiguous. Section 844.6 provides, in pertinent part: "Notwithstanding any other provision of this part, except as provided in this section and in Sections 814, 814.2, 845.4 and 845.6, or in Title 2.1 (commencing with Section 3500) of Part 3 of the Penal Code, a public entity is not liable for: (1) An injury proximately caused by any prisoner." (§ 844.6, subd. (a)(1).) Under the plain words of the statute, "[s]ection 844.6, subdivision (a) explicitly provides that with the exception of certain enumerated sections the immunity granted to public entities is absolute with respect to injury proximately caused by a prisoner." (*Savitt v. Jordan* (1983) 142 Cal.App.3d 820, 821-822.) FEHA is not included in the list of exceptions set forth in section 844.6. Thus, nothing in the plain

5

meaning of the statute's words suggest that an exception should be read into the statute for claims brought pursuant to FEHA.

To the extent plaintiffs argue that section 844.6 is ambiguous because FEHA contains express statutory provision imposing liability on public entities, any ambiguity is easily resolved in light of well-established cannons of construction.  First, " 'under California law, "[i]t is generally recognized that a statutory governmental immunity overrides a statute imposing liability." . . .  [A]bsent "a clear indication of legislative intent that statutory *immunity* is *withheld* or *withdrawn*," a specific statutory immunity applies to shield a public employee from liability imposed by a particular statute.' " (*County of Los Angeles v. Superior Court* (2009) 181 Cal.App.4th 218, 231; see *Gates v. Superior Court* (1995) 32 Cal.App.4th 481, 510 ["It is generally recognized that a statutory governmental immunity overrides a statute imposing liability."]; see also *Esparza v. County of Los Angeles* (2014) 224 Cal.App.4th 452, 461 [The general "rule is that the governmental immunity provided by statute will override a liability created by a statute imposing general liability for tortious conduct" and "precludes the imposition of liability based upon statutes such as FEHA."].)  Thus, when faced with conflicting statutes providing for governmental immunity and liability, the statute providing immunity will prevail in the absence of any clear indication of a contrary legislative intent.

Second, " '[w]hen a statute omits a particular category from a more generalized list, a court can reasonably infer a specific legislative intent not to include that category within the statute's mandate.' " (*Mora v. Webcor Construction*, *L.P.* (2018)

6

20 Cal.App.5th 211, 219-220; *Coldwell Banker Residential Brokerage Co. v. Superior Court* (2004) 117 Cal.App.4th 158, 165 ["Where . . . ' "a statute enumerates the persons or things to be affected by its provisions, there is an implied exclusion of others . . [, and] the court is without power to supply an omission." ' "].) Section 844.6 contains an enumerated list of claims that are exempt from its otherwise broad grant of immunity and claims brought under FEHA are not included in that list. (§ 844.6, subd. (a).) Thus, we can reasonably infer that the Legislature did not intend claims brought pursuant to FEHA to be exempt from section 844.6's grant of immunity.

For the foregoing reasons, we find no ambiguity in section 844.6. The statute provides public entities with absolute immunity from liability for injuries proximately caused by prisoners with the exception of specific, enumerated exceptions. The fact that FEHA establishes a direct liability neither conflicts with nor creates any ambiguity with respect to the matters exempt from section 844.6's purview.

2. Plaintiffs' Arguments Are Unpersuasive

On appeal, plaintiffs argue that FEHA should be considered an exemption to the immunity granted in section 844.6 because (1) competing cannons of statutory construction suggest FEHA should take precedence over section 844.6; (2) FEHA creates a "direct" duty and thus must be interpreted to take precedence over section 844.6; (3) section 815.6 imposes direct liability for the breach of a statutorily mandated duty, overriding the immunity provided in section 844.6; and (4) public policy considerations support the finding of an exception to section 844.6 in the contest of FEHA claims. We find each of these contentions unpersuasive.

7

*a. Competing cannons of statutory construction do not suggest FEHA claims are exempt from section 844.6*

Plaintiffs argue that FEHA should take precedence over section 844.6 because it is the more specific statute and the more recently enacted statute. Even assuming that resorting to cannons of statutory construction is necessary to ascertain the meaning of section 844.6,[2] these specific cannons do not support the finding of an exception to section 844.6's immunity provisions.

It is true that as a general rule of statutory interpretation, " 'in the event of statutory conflict, a specific provision will control over a general provision.' " (*Arterberry v. County of San Diego* (2010) 182 Cal.App.4th 1528, 1536.) However, " ' " '[t]he referent of "general" and "specific" is subject matter.' " ' " (*Ibid.*) As relevant here, FEHA is an extensive statutory scheme intended to implement the broad public policy of protecting against discrimination in the employment context. (§ 12920; *City of Moorpark v. Superior Court* (1998) 18 Cal.4th 1143, 1156-1157.) In contrast, section 844.6 is a statute that addresses only injuries caused by or to prisoners. (§ 844.6.) In our view, the subject matter of FEHA is far broader and more generally applicable

_____

[2] Initially, we emphasize that "cannons of statutory construction are merely tools to ascertain[n] probable legislative intent; they are not the formula that always determines it." (*Moore v. Superior Court* (2020) 58 Cal.App.5th 561, 580.) Thus, "[w]here the language of a statute is unambiguous, the plain meaning controls, and we have no occasion to resort to principles of statutory construction or extrinsic sources." (*People v. Eckard* (2011) 195 Cal.App.4th 1241, 1246; *Hale v. S. Cal. IPA Medical Group* (2001) 86 Cal.App.4th 919, 924.) As we have already explained, the plain language of section 844.6 does not include an exemption for FEHA claims, and FEHA itself does not create ambiguity on this issue.

than the subject matter addressed in section 844.6, making section 844.6 the more specific of the two.

To the extent there is any doubt on this point, the California Supreme Court's decision in *Caldwell v. Montoya* (1995) 10 Cal.4th 972 (*Caldwell*) is dispositive. In *Caldwell*, our Supreme Court considered and rejected the argument that FEHA claims should be exempt from the statutory immunity set forth in section 820.2, which provides public employees immunity for discretionary acts. (*Caldwell*, at p. 985.) In reaching this conclusion, it reasoned that "the very purpose of the [Tort Claims Act] is to afford categories of immunity where, but for its provisions, public agencies or employees would otherwise be liable under general principles of law. [¶] . . . [¶] It follows that where the immunity provided by [statute] would otherwise apply, that immunity cannot be abrogated by a statute which simply imposes a general legal duty or liability on persons, including public employees. . . . This further effect can only be achieved by a clear indication of legislative intent that statutory *immunity* is *withheld* or *withdrawn* in the particular case. [¶] FEHA does not meet this test. . . . FEHA contains no indicia of an additional intent that individual public officials or employees may be sued despite a specific statutory immunity that would otherwise apply in a particular case." (*Caldwell*, at pp. 985-986.)

Plaintiffs attempt to factually distinguish *Caldwell* by arguing that the case addresses immunity of public employees under a different statute. However, a similar argument was considered and rejected in *Towery v. State of California* (2017) 14 Cal.App.5th 226, 231-232 (*Towery*). As explained in *Towery*, "[s]ection 844.6

9

provides an even stronger case than the immunity provision at issue in *Caldwell* for the conclusion that it prevails over any statute . . . that simply establishes a general legal duty or liability. [Citation.] Unlike section 820.2, section 844.6 does not contain the general statement that it applies '[e]xcept as otherwise provided by statute.' [Citation.] Rather, section 844.6 contains a more limited exception, stating that it applies 'except as provided in this section' and in several other specific statutes. [Citation.] Thus, section 844.6 does not leave any ambiguity about its applicability to a claim against a public entity under some other statute . . . that simply creates a general legal duty." (*Towery*, at p. 234.)

Under the reasoning of *Caldwell* and *Towery*, FEHA is a statutory scheme that imposes a general legal duty, and section 844.6 is clearly the more specific statute when compared with FEHA. As a result, the rule of statutory construction that a more specific statute prevails over a more general one does not help plaintiffs. In our view, the rule undermines, rather than supports, plaintiffs' claim.

Given this conclusion, plaintiffs' reliance on the fact that FEHA was more recently enacted is also misplaced. Generally, "later enacted statutes prevail over earlier enacted statutes . . . ." (*Tan v. Appellate Division of Superior Court* (2022) 76 Cal.App.5th 130, 143.) However, "the rule that specific provisions take precedence over more general ones trumps the rule that later-enacted statutes have precedence." (*State Dept. of Public Health v. Superior Court* (2015) 60 Cal.4th 940, 960; see *Lopez v. Sony Electronics, Inc.* (2018) 5 Cal.5th 627, 635.) Because section 844.6 is the more

10

specific statute when compared with FEHA, the fact that FEHA was enacted more recently than section 844.6 is not dispositive.

b. *The fact that a statute provides "direct" liability for an injury does not create an exemption to section 844.6*

Plaintiffs also argue that FEHA should be interpreted to override the immunity provided in section 844.6 because FEHA imposes a direct liability against public entities. Again, we disagree.

Plaintiffs' argument conflates the issue of duty and immunity, which are separate and distinct legal concepts. As explained by our Supreme Court in *Caldwell*: "[W]e have consistently regarded actionable duty and statutory immunity as separate issues, holding that in general, an immunity provision need not even be considered until it is determined that a cause of action would otherwise lie against the public employee or entity. This analytical treatment arises from our recognition that 'the question of [actionable] " 'duty' . . . is only a threshold issue, *beyond* which remain the immunity barriers . . . .' ' " (*Caldwell*, *supra*, 10 Cal.4th at p. 985.) The Supreme Court observed that, in the context of section 820.2, the statute "does not grant or withhold its protection on the basis of whether the legal duty asserted in the lawsuit arose by common law or by statute. Instead, the section erects a separate 'barrier' or 'hurdle' of *immunity* at a point 'beyond' the 'threshold issue' of legal duty." (*Caldwell*, at p. 986.)

Thus, the fact that a defendant is afforded statutory immunity presumes that a legal duty exists in the first instance, and the two concepts are not mutually exclusive. Like section 820.2, section 844.6 does not grant or withhold its protection on the basis of

11

whether the underlying legal duty of the public entity arises by common law or statute. Thus, the fact that FEHA creates a direct duty upon CDCR to take reasonable steps for the protection of its employees has no bearing on whether section 844.6 erects a separate barrier or hurdle of immunity after a legal duty of care has been established.

We also believe that plaintiffs' argument is unpersuasive for an additional reason. It is well established that courts "should avoid interpreting a statute in a manner which would both frustrate its purpose and lead to absurd results." (*People v. Morales* (2018) 25 Cal.App.5th 502, 509.) This includes interpreting a statute to include exceptions that are "so broad that they would cease to function as exceptions, and would render meaningless the Legislature's statement that the [statute] will apply '*unless*' certain exceptions apply." (*Vera v. Workers' Comp. Appeals Bd.* (2007) 154 Cal.App.4th 996, 1004.) In this case, reading section 844.6 to exempt any liability expressly created by statute would produce an absurd result.

Unlike other immunity statutes, the immunity provided in section 844.6 applies only to public entities and not to individuals. (§ 844.6, subd. (d).) However, "[u]nder the Government Claims Act, all government tort liability must be based on statute. [Citation.] "[Section 815], enacted in 1963, abolished all common law or judicially declared forms of liability for public entities, except for such liability as may be required by the federal or state Constitution. Thus, in the absence of some constitutional requirement, public entities may be liable *only* if a statute declares them to be liable." (*County of San Bernardino v. Superior Court* (2022) 77 Cal.App.5th 1100, 1107-1108.) Because a public entity's liability is itself a creature of statute, interpreting section 844.6

12

to exempt liability created by statute would create an exception that renders section 844.6 all but meaningless. For this additional reason, we are unpersuaded by plaintiffs' argument that FEHA should be exempt from section 844.6 simply because it establishes a direct duty or liability upon the CDCR.

c. *Section 815.6 does not create an exception to section 844.6*

Plaintiffs also contend that section 815.6 imposes liability upon public entities for breach of a mandatory duty created by statute and, as a result, the breach of any mandatory duties imposed by FEHA should be exempt from section 844.6. Again, we disagree.

Section 815.6 provides in pertinent part: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." However, section 815 explicitly provides that "[t]he liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part . . . ." (§ 815, subd. (b).) Thus, the statutory scheme makes clear that section 815.6 is not intended to override any statutory immunity provided in the same part of the Government Code.

Sections 815, 815.6 and 844.6 are all set forth in Part 2 of Division 3.6 of the Government Code. As a result, even if we were to accept that FEHA creates a mandatory duty within the meaning of section 815.6, section 815 provides that the immunity

13

provision of section 844.6 takes precedence over any liability imposed by section 815.6, and plaintiffs' argument to the contrary is without merit.

d. *We decline to consider public policy considerations*

Finally, plaintiffs urge us to consider various public policy considerations in support of interpreting section 844.6 to exempt claims brought pursuant to FEHA. We decline to do so.

When interpreting a statute, courts look to extrinsic aids such as legislative history and public policy considerations only when the language of the statute permits more than one reasonable interpretation. (*S.B. Beach Properties v. Berti* (2006) 39 Cal.4th 374, 379.) However, where the language of a statute is clear and unambiguous, "[a] court may not, 'under the guise of construction, rewrite the law or give the words an effect different from the plain and direct import of the terms used,' "and " ' "[w]e must assume that the Legislature knew how to create an exception if it wished to do so . . . ." ' " (*DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 992; *S.B. Beach Properties*, at p. 382 ["Even when broadly construing a statute, we may not 'ignore the plain statutory language' or reach conclusions inconsistent with this language."].)

As we have already explained, the plain language of section 844.6 is clear and unambiguous. The words of the statute make no suggestion that claims brought under FEHA should be considered exempt from its otherwise broad grant of immunity. Nor have plaintiffs' arguments presented a reasonable alternative interpretation of the otherwise clear language of section 844.6. Even if we agreed that exempting FEHA claims from section 844.6's grant of immunity is preferrable as a matter of public policy,

14

it would be inappropriate for us to override the clear words of the statute to find such an exemption. Whether the claims brought under FEHA should be exempt from the immunity granted in section 844.6 as a matter of public policy is a question that should be resolved by the Legislature, and we decline to make such a determination under the guise of statutory interpretation.

B. *Summary Judgment Was Properly Granted Under the Facts Presented*

Plaintiffs also argue that, even if section 844.6 does not include an exemption for claims brought under FEHA, the undisputed facts presented on summary judgment were insufficient to trigger the application of section 844.6. Specifically, plaintiffs contend that the undisputed evidence failed to establish their alleged injuries were proximately caused by inmates. We conclude that this argument was forfeited as a result of plaintiffs' failure to raise the issue in the trial court and failure to discuss the point under a separate heading in the opening brief. We further conclude that, even in the absence of forfeiture, the claim is without merit.

1. Forfeiture

"An appellant must '[s]tate each point under a separate heading or subheading summarizing the point . . . .' [Citations.] Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading." (*Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179; *Hernandez v. First Student*, *Inc.* (2019) 37 Cal.App.5th 270, 280 [same].) Plaintiffs' argument regarding proximate cause

15

is not discussed under a separate heading in the opening brief.[3]  Instead, it was referenced only briefly within the arguments pertaining to statutory construction.  Further, these references are only assertions unsupported by any developed argument or case citations in support of the assertions.

More importantly, plaintiffs never raised or developed the issue in the trial court.  A "[p]laintiff forfeit[s] his contentions that . . . evidence raise[s] a triable issue by failing to cite or argue that evidence with respect to [the] issue in the trial court."  (*Avila v. Continental Airlines, Inc.* (2008) 165 Cal.App.4th 1237, 1252, fn. 7; *Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 704 [appellant forfeited claim of error in grant of summary judgment where claim "was not raised or factually developed in the trial court"].)  Here, plaintiffs' memorandum of points and authorities in opposition to the motion for summary judgment did not argue that CDCR failed to meet its burden to show the application of section 844.6 as an affirmative defense, and it did not argue that the evidence created a dispute of fact regarding whether their alleged injuries were proximately caused by prisoners.  Further, despite the fact that CDCR identified proximate causation as a distinct issue in its separate statement, plaintiffs identified no

---

[3]  Plaintiffs addressed the issue in their reply brief only after CDCR responded to the assertions in the respondent's brief.  However, "[a]n appellant's duty attaches at the outset.  It would be unfair to permit an appellant to wait to argue his substantive points until after the respondent exhausts its only opportunity to address an issue on appeal.  As a general rule, points not addressed until a reply brief will not be considered unless good reason is shown for failing to address them earlier."  (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852, fn. 10.)  Because plaintiffs seek to rely on these arguments as an independent ground for reversing summary judgment, it was improper for them to wait until the reply brief to fully develop their arguments.

16

evidence to dispute any of these facts in their responsive separate statement, arguing instead that the issue of whether their injuries were proximately caused by prisoners was "not a material fact." Having failed to raise or develop this issue in the trial court, plaintiffs cannot raise the issue for the first time on appeal.

Thus, for two independent reasons, we conclude that plaintiffs have forfeited their argument that the evidence on summary judgment was insufficient to show CDCR was entitled to judgment in its favor on the affirmative defense of statutory immunity, and we can affirm the judgment on this basis alone.

2. Even in the Absence of Forfeiture, Plaintiffs' Contention Is Without Merit

Even in the absence of forfeiture, we would find no merit in plaintiffs' argument that the evidence was insufficient to warrant granting summary judgment. We review an order granting summary judgment de novo. (*Coral Construction*, *Inc. v. City and County of San Francisco* (2010) 50 Cal.4th 315, 336.) Additionally, "[i]n performing our independent review, we apply the same three-step process as the trial court" by looking at the pleadings to identify the elements of the causes of action; examining the moving party's evidence to determine if the moving party has made a prima facie showing that justifies judgment in the moving party's favor; and examining the opposing party's evidence to determine if the opposing party has met its corresponding burden to show a triable issue of material fact." (*Ryan v. Real Estate of Pacific*, *Inc*. (2019) 32 Cal.App.5th 637, 642.) Thus, we employ this same analytical framework to evaluate whether the trial court properly granted summary judgment based upon the affirmative defense of statutory immunity set forth in section 844.6.

Here, CDCR's answer alleged immunity under section 844.6 as an affirmative defense, and CDCR specifically argued this as one ground for granting summary judgment in its motion. Thus, the issue framed by the relevant pleading was whether the undisputed facts were sufficient to show CDCR was entitled to immunity under section 844.6.

On its face, section 844.6 applies when two factual predicates are established: (1) the defendant asserting the defense is a "public entity," and (2) the plaintiff's alleged injury is "proximately caused by any prisoner." (§ 844.6, subd.(a)(1).) With respect to the first factual predicate, CDCR is unquestionably a public entity,[4] and plaintiffs do not seriously dispute this point on appeal. With respect to the second factual predicate, CDCR's separate statement set forth 11 facts showing that the acts of sexual harassment of which plaintiffs complain were perpetrated by prison inmates. CDCR cited to the allegations of plaintiffs' complaint, plaintiffs' declarations submitted in support of prior motions, and plaintiffs' deposition testimony as the evidentiary support for these facts. This was sufficient to meet CDCR's initial burden on summary judgment. (*Mayes v. La Sierra University* (2022) 73 Cal.App.5th 686, 696-697 [To meet its burden, a defendant must "make a prima facie evidentiary showing," and "the defendant meets its initial

---

[4] " 'Public entity' includes the state, the Regents of the University of California, the Trustees of the California State University and the California State University, a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State" (§ 811.2), and CDCR is an agency of the state (see *Lawson v. Superior Court* (2010) 180 Cal.App.4th 1372, 1376 fn. 1 ["[T]he CDCR is an agency of the State . . . ."]; *Wright v. State of California* (2004) 122 Cal.App.4th 659, 672 [same]).

burden if it presents sufficient evidence to support a judgment in its favor on the . . .

defense."].)

In opposition, plaintiffs did not present any evidence to dispute the 11 facts set forth in CDCR's separate statement.**5** Nor did plaintiffs' argue in the trial court that CDCR's evidence was insufficient to show proximate causation or that any of the exceptions set forth in section 844.6 applied to their claims. Accordingly, plaintiffs failed to meet their corresponding burden to establish a triable issue of material fact on the affirmative defense of statutory immunity pursuant to section 844.6.

Even now on appeal, plaintiffs do not direct us to any evidence in the record to show a material factual dispute. Instead, plaintiffs argue that their injuries were not proximately caused by prisoners because their injuries can be " 'proximately attributed to' " CDCR's alleged breach of duties imposed under FEHA. This argument misses the point. A single injury can have more than one proximate cause. (*Wright v. City of L.A.* (1990) 219 Cal.App.3d 318, 348 ["T]here may be more than one proximate cause of an injury . . . ."]; *Fein v. Permanente Medical Group* (1985) 38 Cal.3d 137, 152 [multiple negligent acts can be a proximate cause of a single injury].) The factual predicate to establish section 844.6's application is that the injury is proximately caused by a prisoner

---

**5** Plaintiffs instead asserted that 10 of the 11 facts were immaterial to resolution of any issue on summary judgment. While they purported to dispute one of the facts, they cited to no evidence to show the existence of a dispute, instead citing only to the allegations of their first amended complaint. However, "the allegations in a complaint do not, at trial constitute evidence of the truth of the allegations . . . , and a party cannot rely on its own pleadings as evidence to support or oppose a summary judgment motion." (*Cassady v. Morgan, Lewis & Bockius LLP* (2006) 145 Cal.App.4th 220, 241.)

and the statute does not contain an exception based upon the existence of additional, concurrent causes. (§ 844.6, subd. (a).) Thus, if a prisoner's acts or omissions are one proximate cause of the alleged injury, section 844.6 will immunize a public entity from liability even if the public entity's independent acts might also be a concurrent cause. (See *Savitt v. Jordan*, *supra*, 142 Cal.App.3d at p. 822 [Section 844.6 provides immunity from injuries caused by a prisoner even if the public entity was also grossly negligent in causing the injury.].)

Thus, even if we accept as true that the evidence presented on summary judgment suggests that CDCR's breach of a statutory duty was a proximate cause of plaintiff's injuries, such a showing does not establish a material dispute of fact. Where the undisputed material facts show that the alleged injury was proximately caused by a prisoner, it is not enough for a plaintiff to simply present evidence that additional, concurrent causes may also have contributed to the same injury. Such evidence does not, in itself, create a material dispute of fact with respect to the application of section 844.6.

Because the record establishes that CDCR met its burden to show the application of an affirmative defense and plaintiffs failed to meet their corresponding burden to show a triable issue of material fact relevant to the application of that defense in opposition, the trial court did not err in granting the motion for summary judgment.

## IV.  DISPOSITION

The judgment is affirmed.  Respondent to recover its costs on appeal.


FIELDS _____
J.


We concur:

RAMIREZ _____
P. J.


McKINSTER _____
J.

Filed 1/26/23

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

**ORDER**

|  |  |
|---|---|
| JENNIFER BITNER et al., | |
| Plaintiffs and Appellants, | E078038 |
| v. | (Super.Ct.No. CIVDS1605437) |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION, | ORDER CERTIFYING OPINION FOR PUBLICATION |
| Defendant and Respondent. | |

THE COURT

The request for publication of the nonpublished opinion filed in the above matter January 24, 2023, is GRANTED. The opinion meets the standards for publication as specified in California Rules of Court, rule 8.1105(c)(2), (4), and (8).

IT IS SO ORDERED that said opinion filed January 5, 2023, be certified for publication pursuant to California Rules of Court, rule 8.1105(b).

FIELDS _____
J.

We concur:

RAMIREZ _____
P. J.

McKINSTER _____
J.

1